**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLHASSEE, DIVISION**

In Re: **William Jeffrey Ard**                            Case No.      **09-40349-LMK**
      **Lisa Christine Ard**

                                         **Chapter 7**

## MOTION OF CHICAGO TITLE INSURANCE COMPANY INC FOR LEAVE TO FILE A LATE PROOF OF CLAIM

COMES NOW, the movant, Chicago Title Insurance Company, Inc. ("Chicago Title"), by and through its undersigned counsel and hereby files this request to file a late Proof of Claim, and respectfully represents that:

1.      On April 28, 2009, the Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. This Court entered an Order dated June 26, 2009 establishing a bar date for claims of September 28, 2009 ("Bar Date").

2.      Prior to the commencement of this case, the Debtors were the Owners of real property identified as Lot 11 of Hiawatha Farms situated in Jefferson County, Florida.  The Debtors obtained a loan from Hancock Bank of Florida and as security for said loan granted Hancock Bank a security interest in the real property.   On or about April 22, 2005, the Debtors sold Lot 11 to a third party.  In transferring the title to the property the Debtors failed to pay the balance owed to Hancock Bank or to otherwise satisfy their lien obligations regarding the property.

3.      In conjunction with the closing, based on the representations of the Debtors, Chicago Title issued a policy title of insurance to the third party Buyer which insured the title to the property to be free and clear of all encumbrances except for those listed in the policy.

4.    Subsequent to the closing, Hancock Bank loan went into default and in order to satisfy its obligations to its insured, in April 2008, Chicago Title paid the sum of $25,000.  By reason of this payment by Chicago Title and pursuant to the terms of the contract of insurance between it and its insured, Chicago Title is entitled to recover the sums from Debtors.

5.    Simultaneously with the closing wherein the Debtors transferred title to the property, the Debtors executed a Seller's Affidavit which in pertinent in part represents that there are "no other unpaid mortgages, deeds to secured debt, or liens of any nature which presently encumber the subject property, with the exceptions of liens disclosed and being paid off, assumed or modified in connection with the subject closing or those liens in other matters referenced in the deed or mortgage of the Defendants executing conjunction with the affidavit." By virtue of failing to satisfy the Hancock Bank Mortgage, the Debtors beached their Warranties of Title and the representations in the Seller's Affidavit.

6.    The Debtors owe Chicago Title the sum of $25,000.

7.    At the time of the commencement of this action Counsel for the Debtors and the Debtors were unaware of Chicago Title's claim.  As such, Chicago Title received no notice of the need to file Proof of Claim.

8.    Chicago Title was unaware of Debtors bankruptcy and made demand on Debtors via a letter from their undersigned Counsel on or about February 2010.

9.    Accordingly, Chicago Title has filed this Motion for Leave to file a late Proof of Claim after the bar date.  Chicago Title submits that the Debtors and its estate will suffer no prejudice if the relief requested herein is granted.

10.    The undersigned has discussed this motion with Debtor's counsel who has no objection to the motion.

**WHEREFORE**, Chicago Title requests the Court to grant it leave to File a Claim after the bar date, and for such other and further relief as is just.

DATED on August 2, 2010.


*/s/ H.B. Stivers*
H.B. Stivers
Fla. Bar No. 870640
Levine & Stivers LLC
245 E. Virginia Street
Tallahassee, FL  32301
(850) 222-6580 Telephone
(850) 224-6270 Facsimile
HB@LSLegal.comcastbiz.net


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2010 I electronically filed the foregoing Motion of Chicago Title Company Inc. for Leave to file a Late Proof of Claim with the Clerk of the Court by using the CM-ECF system.


*/s/ H.B. Stivers*
H.B. Stivers